MARY J. WADE, as Executrix of. SALLY E. BROCKWAY, Deceased, Appellant, *v.* MARTIN STREVER et al., Defendants ; JANE E. MILLER, Respondent.

PLEADING — ERRONEOUS JUDGMENT UPON FAILURE TO REPLY. In an action to foreclose a mortgage where the complaint alleges the simultaneous execution of two other mortgages with the understanding that none of the three should have preference over the others, which allegation is denied by one of the mortgagees in her answer, which asserts that her incumbrance is a prior lien, the failure of the plaintiff to reply does not admit the averments of the answer, which are in contradiction of the complaint, or entitle the mortgagee to judgment, but the issue as to the equality of the mortgages should be tried and the rights of all the parties determined.

*Wade* v. *Strever*, 42 App. Div. 330, reversed.

(Argued January 22, 1901; decided March 12, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July

24, 1899, affirming a judgment in favor of defendant Miller entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry D. Merchant* for appellant. The pleadings present a material issue between the plaintiff and the defendant Miller. (*Parker* v. *Pullman & Co.*, 36 App. Div. 208; *Emery* v. *Pease*, 20 N. Y. 62.) The judgment decrees the falsity of a material allegation of the complaint without a trial, and is, therefore, erroneous. (*Decker* v. *Boice*, 83 N. Y. 215; *Brown* v. *Gallaudet*, 80 N. Y. 413; Code Civ. Pro. § 503; Pom. on Rem. & Rem. Rights [2d ed.], § 691; *Cochran* v. *Reich*, 91 Hun, 440; *Ruppert* v. *Haug*, 87 N. Y. 141; *House* v. *Lockwood*, 137 N. Y. 259; *Older* v. *Russell*, 8 App. Div. 518; *Goebel* v. *Iffla*, 111 N. Y. 170; *Jacobie* v. *Mickle*, 144 N. Y. 240.)

*George B. Wellington* for defendants Smith. Assuming that it appears from the case that the answer of the defendant Miller was served upon the defendants Smith, the defendants Smith were not in default for not replying thereto. (Code Civ. Pro. §§ 500–512, 514, 521.)

*Clarence W. Betts* and *William J. Roche* for respondent. The answer of the defendant Miller not only answers and disputes certain allegations of the complaint, but sets forth an affirmative cause of action arising out of the same transaction that is referred to in the plaintiff's complaint, and asks for an affirmative judgment just the same as if she had first commenced suit against all the parties herein upon her cause of action. (*Met. Trust Co.* v. *T. V. & C. R. R. Co.*, 43 Hun, 521; *Bates* v. *Rosekrans*, 37 N. Y. 409; Code Civ. Pro. § 509.) The matter pleaded by defendant Miller as a counterclaim tends to diminish and defeat plaintiff's recovery; it diminishes her security and it defeats her claim that her security and defendant Miller's security are equal. (Code

Civ. Pro. § 501; *Met. Trust Co.* v. *T. V. & C. R. R. Co.*, 43 Hun, 526; *Carpenter* v. *M. L. Ins. Co.*, 93 N. Y. 556; *Thomson* v. *Sanders*, 118 N. Y. 259; *Xenia Bank* v. *Lee*, 7 Abb. Pr. 373; *Sheehan* v. *Pierce*, 70 Hun, 22; *More* v. *Rand*, 60 N. Y. 214.) The defendant Miller was entitled to the judgment because of plaintiff's failure to reply. (Code Civ. Pro. §§ 504, 509, 515, 1204, 1221.)

MARTIN, J.   This action was to foreclose a mortgage given to secure the payment of four thousand dollars. The complaint, in addition to setting up the usual facts in foreclosure, alleged that simultaneously with the execution of the plaintiff's mortgage, two other mortgages were executed with the understanding that none of the three should have preference over the others. It then described the other two mortgages, and alleged that the defendant Miller owned one and the defendants Anna and William E. Smith as administrators were the owners of the other. Following was an allegation that all of the defendants except as above set forth have or claim to have some subsequent lien.

The defendant Miller answered by specifically denying the allegation of the complaint that it was the understanding when the three mortgages were given that none should have precedence over the other, and alleged that she had no knowledge or information sufficient to form a belief as to whether the plaintiff's mortgage and the mortgage of the other defendants were given for a valuable consideration, nor whether there was any money due or to become due thereon. Intermingled with such denial she alleged that it was mutually agreed that the mortgage held and owned by her should be first recorded and should be deemed and treated as a first mortgage and a prior lien to any of the others. She demanded judgment that her mortgage be adjudged and declared a prior lien as against all the parties to the action and that it might be foreclosed. The plaintiff served no reply.

Upon the trial the court awarded the defendant Miller the relief demanded in her answer without taking any proof upon

the issue raised by the denial of the allegations of the complaint. This decision seems to have been based upon the theory that the plaintiff, by not replying to the defendant Miller's answer, admitted all its allegations, and judgment in her favor was awarded against the plaintiff, while the action was suspended as to the other defendants. We think this disposition of the case was unjustified and erroneous. It is difficult to understand how, upon any correct theory, the issue thus joined could be disposed of without permitting the plaintiff to prove the facts she alleged. The defendants were proper parties, and the question of the priority of the mortgages was directly at issue. The failure to serve a reply did not admit the defendant's denial, nor any allegation of new matter in defense or contradiction of the facts alleged in the complaint. (*Walker* v. *A. C. Ins. Co.*, 143 N. Y. 167.)

Both the trial court and the Appellate Division seem to have relied upon the case of *Metropolitan Trust Co.* v. *Tonawanda Valley & Cuba R. R. Co.* (43 Hun, 521; affirmed, 106 N. Y. 673). That action was to foreclose a junior mortgage, and the holder of a senior mortgage was made a party. The relief asked in the complaint was that the premises might be sold subject to such senior mortgage, or that the amount due thereon might be ascertained and first paid out of the proceeds of the sale. The senior mortgagee appeared and answered, setting forth the necessary facts for a foreclosure of its mortgage, and demanded that it might be foreclosed, the property sold, its judgment paid, and the surplus disposed of as the law required. There was no question as to the priority of the defendant's mortgage. It was alleged by both parties, and practically the same relief was sought by each. In that case the court merely granted a decree foreclosing the defendant's mortgage instead of the plaintiff's. A broad distinction exists between that case and this. In that case there was no issue between the parties, and it was the duty of the court to direct a judgment foreclosing either the plaintiff's mortgage or that of the defendant. It doubtless had a discretion as to which it would foreclose. The defendant's being

prior, the court directed its foreclosure. In that case Judge BRADLEY, in effect, said that the practice adopted was not in contravention of the provisions of the statute relating to the foreclosure of mortgages, and there seemed to be no impropriety in pursuing that practice, because the rights of the parties were effectually preserved and the plaintiff was not prejudiced. No such situation exists here. In this case there was a direct issue between the plaintiff and the defendant Miller as to whether the mortgage of the latter was of equal priority with the other two mortgages, or whether it was a prior and superior lien. Although there was a direct issue between the parties independent of any counterclaim, the practice adopted resulted in a judgment against the plaintiff without affording her any opportunity to try it. Consequently, it cannot be said that the rights of the parties were effectually preserved, or that the plaintiff was not prejudiced. Obviously, the doctrine of that case has no application to the case in hand.

That the respondent's lien had no priority over the plaintiff's mortgage was practically alleged and specifically denied. That was a proper issue in the action and the facts were properly set up in the complaint. The question whether the liens of the plaintiff's and defendants' mortgages were equal, or whether the mortgage of the respondent was prior, was necessarily involved in the action, was at issue, and should have been determined before any judgment was awarded. (*Bank of Orleans* v. *Flagg*, 3 Barb. Ch. 316; *Brown* v. *Volkening*, 64 N. Y. 76, 84.)

When the pleadings are considered it is seen that the complaint alleged practically all the facts contained in the respondent's answer, except her denial of the complaint and the allegation that her mortgage had priority over the others. The latter was set up as a defense as well as a counterclaim. So that under the complaint and the allegations of defense in the answer, the question to be litigated was, what was the agreement when these mortgages were given? Was it that all the mortgages should be equal, or was it that the defendant's mortgage was to have priority? That issue having been

already joined, it was unnecessary to join the same issue a
second time. A reply would have had that effect and none
other. We think that, under the circumstances, the plaintiff
was not precluded from proving her cause of action as alleged
by her omission to serve a reply. If the issue raised had been
tried and the court had found the facts, the plaintiff would
have been entitled to a judgment in accordance with the facts
found. If it had found that the defendant's lien was prior to
the liens of the other mortgages, it would have so adjudged
and directed that it should be first paid. If it had found
there was no priority, it would have adjudged that they were
equal in that respect and judgment would have been entered
accordingly.

The proper and orderly method of disposing of this case
was to first try the issue joined by the complaint and answer.
If the trial had resulted in favor of the respondent, then the
fact that no reply was served would, perhaps, have entitled
her to a foreclosure of her mortgage. But until the issue as
to the equality of the mortgages was disposed of, no question
under her counterclaim arose, and the court clearly erred in
directing a judgment against the plaintiff.

Moreover, if the case had been tried, the rights of the
plaintiff and all the defendants appearing would have been
determined, while now as to some the case appears to be sus-
pended with no final adjudication.

We think the practice pursued by the court was improper
and resulted in a mistrial, and, hence, the judgment should
be reversed and a new trial granted, with costs to abide the
event.

GRAY, J. (dissenting). I think that the answer of the
defendant Miller complied precisely with the Code require-
ments, for its sufficiency as a denial of the material allegations
of the complaint and as a counterclaim authorized by the
Code, which tended to diminish the plaintiff's recovery.
(Code of C. P. §§ 500, 501; *Metropolitan Trust Company*
v. *Tonawanda Valley & Cuba R. R. Company*, 43 Hun, 521;

affirmed, 106 N. Y. 673, on opinion below.) The defendant's pleading, in fact, commenced with the statement that it is " for an answer and counterclaim in this action " and the allegations, which thereupon follow, are all such as set up a cause of action against the plaintiff, upon which relief by way of an affirmative judgment against the plaintiff is asked. Instead of bringing an action in the nature of a cross bill for the relief demanded of a judgment of foreclosure, to which an answer would be required, the defendant Miller, by the authority of the Code provisions, sought her relief in her answer to the complaint. If the plaintiff proposed to dispute the affirmative allegations of the counterclaim in the answer, of the priority of Mrs. Miller's mortgage and of a right to the affirmative judgment which she had asked for thereupon, the only way to do so was that pointed out by the Code. By pleading her mortgage as a counterclaim, the defendant Miller met the precise point as to which the plaintiff had tendered an issue and it was absolutely essential for the latter to reply, if the counterclaim was not to be deemed as admitted and the defendant as entitled to judgment thereupon. (Code, sec. 515.)

I think that the judgment appealed from was right and that it should be affirmed.

Parker, Ch. J., Vann, Cullen and Werner, JJ., concur with Martin, J., for reversal; Bartlett, J., concurs with Gray, J., for affirmance.

Judgment reversed, etc.