not liable on the policy at all, was a waiver thereof. Joyce on Ins. §§ 3257, 3373.

3. The policy also contained the following provision, based on the said formal proofs of death:

"No legal proceedings for a recovery hereunder shall be brought within three months after the receipt of such proofs at the office of said association, nor at all unless begun within six months from the date when said association shall have received such proof."

This three months' postponement of the right to sue, and six months' limitation thereof, is predicated on the receipt of such proofs. But in this case they were not furnished to the defendant, having been waived by it. Such limitation was therefore never set running, any more than such postponement was brought into operation. It has to be construed strictly. May on Ins. (4th Ed.) §§ 449, 491; Griffey v. New York Cent. Ins. Co., 100 N. Y. 417, 3 N. E. 309, 53 Am. Rep. 202; State Ins. Co. v. Maackens, 38 N. J. Law, 564. There is no provision in the contract that if such proofs be waived and not furnished, the limitation shall start from the date of death, or of such waiver, and it cannot be imported into it. Boynton v. Middlesex Fire Ins. Co., 4 Metc. (Mass.) 212; Landis v. Home Mut. Fire Ins. Co., 56 Mo. 591; Bartlett v. Union Mut. Fire Ins. Co., 46 Me. 500; Williams v. Ins. Co., 29 Me. 465; May on Ins. § 491. Our Court of Appeals has said in respect of a similar limitation, without having to decide the question, viz.:

"It is at least doubtful whether in strictness the limitation applies except in case an award is made fixing the amount of the claim." Hay v. Star Fire Ins. Co., 77 N. Y. 242, 33 Am. Rep. 607.

Moreover, the policy is at best open to two constructions in the respect in question; and this requires, under a settled rule of construction applicable to insurance contracts, that the construction which favors the insured shall be adopted. Gough v. Davis, 24 Misc. Rep. 247, 52 N. Y. Supp. 947; Darrow v. Family Fund Society, 116 N. Y. 537, 22 N. E. 1093, 6 L. R. A. 495, 15 Am. St. Rep. 430; May on Ins. § 175.

Judgment for the plaintiff for $5,000, with interest from September 30, 1892.

---

(40 Misc. Rep. 269.)

### SALEEBY v. CENTRAL R. R. OF NEW JERSEY.

(Supreme Court, Special Term, New York County. March, 1903.)

1. PLEA—CONFESSION AND AVOIDANCE—VALIDITY.

A plea in confession and avoidance, in an action against a railroad company for the loss of a passenger's baggage, which states that, if the passenger's baggage was received, it was on an express condition limiting defendant's liability, and that the law of New Jersey governs the contract, if any, and that, by virtue of such law, defendant's liability was limited, was defective, in that it confessed nothing, and admitted only hypothetically.

2. ANSWER—DEMURRER.

Where defenses set up in an answer insufficiently denied the allegation of the complaint, they must be taken as true on demurrer, and be held insufficient to avoid liability.

Action by Rasheed G. Saleeby against the Central Railroad of New Jersey. On demurrer to affirmative defenses in defendant's answer. Sustained.

Kelly & Hoeninghaus (J. Allison Kelly, of counsel), for plaintiff.
De Forest Bros. (Robert Thorne, of counsel), for defendant.

BLANCHARD, J. Demurrer by plaintiff to affirmative defenses in defendant's answer. The complaint set forth a cause of action for the loss by defendant, a common carrier, of plaintiff's baggage, delivered to defendant after notice of the nature and value thereof, and its purpose and necessity to plaintiff upon his journey, and defendant accepted it, and agreed to safely carry and deliver it, which it failed to do. The answer contains two affirmative defenses, which are demurred to, to the following effect: First, that the ticket sold to plaintiff, if any, and upon which, if at all, plaintiff's baggage was received, contained an express condition limiting the defendant's liability, and that notices to the same effect were posted in defendant's baggage office, and that plaintiff's baggage was received by it, if at all, upon such limitation; and the second is to the effect that the law of New Jersey governs the contract, if any, and that, by virtue of such law, defendant's liability was limited. These affirmative defenses are in the nature of pleas in confession and avoidance. They, however, fail to confess anything. The allegations which should be admissions are hypothetical in their nature. Great pains have been taken to avoid confessing anything. Whenever a positive allegation is made, it is immediately followed by "if," and its effect as a confession or admission is nullified. The pleadings of these defenses are bad, and the demurrer should be sustained because thereof. Conger v. Johnston, 2 Denio, 96; Goodman v. Robb, 41 Hun, 605. I think the affirmative defenses are further faultily pleaded, in that they fail to contain any sufficient denial of the allegations of the complaint, which, under such conditions, must, for the purpose of this demurrer, be taken as true. In view of these admissions, the defenses become ineffective to avoid liability. I cannot take into consideration allegations of denial formerly in the answer, but now eliminated. I must consider the pleadings as they are now presented to the court. If the defendant felt aggrieved by reason of some former decision, it had its remedy by appeal. It should not now complain of it, after abiding by it. Defendant should have an opportunity to plead properly, and the demurrer will be sustained, with costs, with leave to plead anew upon payment of such costs.

Demurrer sustained, with costs, with leave to plead anew upon payment of costs.