ELEVATOR AUTOMATIC SIGNAL CO., Inc., v. BOK et al.

(Supreme Court, Appellate Term, First Department.   May 16, 1916.)

1. PLEADING ☞350(2)—JUDGMENT ON THE PLEADINGS—ISSUES OF FACT.
    Where the pleadings raise issues of fact, the granting of plaintiff's motion for judgment on the pleadings, before any testimony is taken, is improper.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1071, 1076; Dec. Dig. ☞350(2).]

2. SET-OFF AND COUNTERCLAIM ☞29(2)—VALIDITY OF COUNTERCLAIMS.
    In an action in replevin for the possession of corporation personalty, legal services rendered plaintiff corporation by a defendant, and disbursements made by defendants to and for the use of such corporation, matters relating to the subject-matter of the actions and occurring prior to their commencement, constituted valid counterclaims.
    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 50; Dec. Dig. ☞29(2).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from City Court of New York, Special Term.

Action by the Elevator Automatic Signal Company, Incorporated, against Gustav Bok and others. From a resettled order granting plaintiff's motion for judgment on the pleadings, defendants appeal. Order appealed from reversed, and motion denied.

Argued May term, 1916, before GUY, BIJUR, and COHALAŃ, JJ.

Marcus E. Joffe, of New York City, for appellant Bok.

John W. Brainsby, of New York City (Marcus E. Joffe and John W. Brainsby, both of New York City, of counsel), for other appellants.

Anton Gronich, of New York City, for respondent.

COHALAN, J. This action was brought in replevin, and the complaint alleges that on the 1st day of July, 1914, the plaintiff was entitled to the possession of certain corporation personal property.

[1] The respective defendants deny in their amended answers material allegations of the complaint, and they severally set up therein certain defenses and counterclaims, to which replies were properly interposed. The pleadings, as they stood on the trial, raised issues of fact, which should have been tried by the jury; yet before any testimony had been taken the court granted the plaintiff's motion for judgment on the pleadings. Apart from the fact that the denials raised issues of fact, the liens set up in the counterclaims were properly interposed as a defense to the plaintiff's cause of action. The defendant Bok alleges in his counterclaim that by the seizure by the sheriff of certain illuminators mentioned in the complaint, he has been deprived of his lien thereon, and the security afforded thereby, to his damage in the sum of $941.42.

[2] The transaction upon which this defendant predicates a recovery is a contract under which money was advanced to the plaintiff, and which money was used to create and manufacture the chattels replevied, and for the repayment of which it was agreed that he was to have a lien. The defendant Joffe asserts a lien on other effects, and in his counterclaim asks for a money judgment in the sum of $300 for legal services and for disbursements made by him to and for the use of the plaintiff corporation. The services rendered and the disbursements made by these defendants related to the subject-matter of the action, occurred prior to the commencement thereof, and constituted valid counterclaims. Scognamillo v. Passarelli, 210 N. Y. 550, 105 N. E. 199.

It follows that the order appealed from is reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

GUY, J., concurs. BIJUR, J., concurs in the result.