CONSTANT F. WHITNEY, STUART H. WHITNEY and SILAS D. GREGORY, Plaintiffs, *v.* CONSIDINE INVESTING COMPANY, HENRY A. ROSENKRANZ and LOUISA ROSENKRANZ, His Wife, VALENTINE KELLER, GEORGE LEHMAN, CARRIE C. TETULSKY and PULISKY ROAKE, Defendants.

(Supreme Court, Westchester Special Term, October, 1918.)

Pleading — in action to remove cloud on title — allegations contained in complaint — condemnation proceedings — what not counterclaim — when motion for judgment denied — Code Civ. Pro. § 514, 522.

Where, in an action to remove a cloud on title and to cancel of record a lease for 999 years and to adjudge the plaintiffs entitled to an award made in condemnation proceedings for a

portion of the premises taken, the complaint, after setting forth facts in connection with an attempted sale of the property by drainage commissioners, alleges that their proceedings were null and void and will be so established by facts extrinsic of the record, without alleging what these facts may be, an allegation of the answer of the defendants who do not claim to own the fee, which after setting forth more fully and in detail the proceedings of the drainage commissioners with the conclusion that they are legal, regular and binding as against plaintiffs' claim and prays for a dismissal of the complaint, is a denial of plaintiffs' claim and not a counterclaim to which a reply is required by sections 514 and 522 of the Code of Civil Procedure, and a motion for judgment because of the failure to serve a reply to the alleged counterclaim will be denied.

MOTION for judgment.

Merriam & Tichnor, for plaintiffs.

Rockwood & Lark, for defendants.

PLATT, J.   This is a motion for judgment for certain defendants for failure of plaintiffs to reply to an alleged counterclaim in the answer, or for a reference or writ of inquiry, as the court may deem proper, pursuant to section 515 of the Code of Civil Procedure and for a dismissal of the amended complaint, with costs, and for such other and further relief as to the court may seem proper.

The defendants on this motion and in their brief depend upon the allegations contained in the 13th paragraph of their answer. The amended complaint is criticized in the brief but not otherwise attacked on this motion. The action is brought to remove cloud on title and cancel of record a lease of 999 years, and adjudge plaintiffs entitled to an award of $6,125, made to the owners of the premises, in condemnation proceedings brought by the state of New York for a

portion of said premises taken and acquired by the state.

Plaintiffs allege possession of the premises for at least one year prior to the beginning of the action and claim title in fee as heirs-at-law of Silas G. Whitney, deceased. They complain that certain drainage commissioners sold or attempted to sell the property on November 9, 1899, to one Edward C. Neil in proceedings against said Silas G. Whitney and executed and delivered to him, on that day, an intended certificate of such sale, which was supplemented by a second certificate intending to correct the first. That some twenty years after the first certificate one of the drainage commissioners executed and delivered to the administrators of the purchaser at said sale a paper purporting or intending to lease said premises to them for a period of 999 years from the date of sale.

Plaintiffs further allege that the proceedings referred to are null and void and will be so established by facts extrinsic of the record without alleging what these facts may be.

The defendants in the said thirteenth paragraph of their answer set out more fully and in detail the proceedings of the drainage commissioners, with the conclusion that they are legal, regular and binding against said claim and ask for the judgment mentioned in their notice of motion dismissing the complaint and awarding to them the $6,125 award with interest. They do not claim to own the fee.

I think that the defendants' allegation referred to is a denial of plaintiffs' claim and not a counterclaim, the plaintiffs were not required to reply thereto under sections 514 and 522 of the Code and that, therefore, this motion must be denied, with costs. *Wade* v. *Strever,* 166 N. Y. 251; *Spier* v. *Hyde,* 78 App. Div. 151; *Kirchner* v. *New Home Sewing Machine Co.,* 135

id. 182; *Pattat* v. *Pattat,* 93 id. 102; *Davis Confectionery Co.* v. *Rochester German Insurance Co.,* 141 id. 909; *Hunter* v. *Fiss,* 92 id. 164; *Babcock* v. *Clark,* 93 id. 119, and three cases referred to on page 121.

Motion denied, with costs.