[No. 2476]

## STERLING PARKS, APPELLANT, v. THE WESTERN UNION TELEGRAPH COMPANY (A CORPORA- TION), RESPONDENT.

[197 Pac. 580; 204 Pac. 884]

1. PLEADING — JUDGMENT CANNOT BE RENDERED ON PLEADINGS WHERE ISSUE PRESENTED WAS UNDETERMINED, THOUGH NEW MATTER IN ANSWER WAS NOT REPLIED TO.

Notwithstanding Practice Act, sec. 115, as amended by Stats. 1915, c. 158, declares that when an answer contains new matter constituting defense or counterclaim, plaintiff shall serve and file a reply, etc., judgment in an action against telegraph company for negligent failure to deliver an inter-state telegraphic message cannot be rendered on the pleadings because plaintiff failed to reply to new matter in the answer setting up that the message was an unrepeated message, and that it was accepted on condition that defendant should be liable for mistakes or delays only to the amount received for transmission, where the complaint alleged that the sender informed defendant that it desired prompt transmission and delivery regardless of expense, etc., and such averment was traversed, for that left an issue of fact to be disposed of.

2. COMMERCE—VALIDITY OF STIPULATION RESTRICTING LIABILITY FOR INTERSTATE MESSAGE FEDERAL QUESTION.

Whether a stipulation restricting the liability of telegraph company for transmission of an interstate message is valid depends on federal law.

3. PLEADING—NEW MATTER IN ANSWER IS MATTER IN CONFESSION AND AVOIDANCE OR DISCHARGE.

New matter set up in an answer is either in confession and avoidance or discharge.

4. APPEAL AND ERROR—TELEGRAPH COMPANY'S LIABILITY UNDER CONTINGENCY WILL NOT BE DETERMINED.

Where the trial court improperly rendered judgment for defendant telegraph company on the pleadings, notwith-standing the issue whether the message was received under direction to transmit it with diligence regardless of expense, etc., was undetermined, the question whether recovery can be had on an independent contract for delay of an interstate message received under such circumstances where the only consideration was the regular rate for unrepeated messages will not be determined.

### ON REHEARING

1. APPEAL AND ERROR—REHEARINGS NOT GRANTED AS MATTER OF RIGHT.

Rehearings are not granted as a matter of right, and are not allowed for the purpose of reargument, unless there is reasonable probability that the court may have arrived at

an erroneous conclusion, or overlooked some important question which was necessary to be determined in order to arrive at a full and proper understanding of the case.

2. PLEADING—CONTRACT INCIDENT TO ACCEPTANCE OF MESSAGE FOR DELIVERY PRESUMPTIVELY WITHIN KNOWLEDGE OF TELEGRAPH COMPANY, AND NOT TO BE DENIED ON INFORMATION AND BELIEF.

Where a telegraph company admitted in its answer accepting a message for delivery, the making of a contract at that time was certainly presumptively within its knowledge, and it could not deny the contract alleged in the complaint upon information and belief.

3. PLEADING—PLEA IN CONFESSION AND AVOIDANCE IMPLIES THAT BUT FOR THE AVOIDANCE THE ACTION MAY BE MAINTAINED.

Where an answer seeks to avoid the complaint by new matter, it must confess directly or by implication that, but for the avoidance contained in it, the action may be maintained, but denials and avoidances are not necessarily inconsistent, and a defendant cannot be required, as a condition of averring new matter, to admit facts alleged so as to preclude him from denying them on trial.

4. PLEADING—DEFENSE OR DEMURRER, ONLY CONTINGENT OR HYPOTHETICAL, INSUFFICIENT UPON WHICH TO BASE JUDGMENT ON PLEADINGS.

A defense or demurrer, which is not positive, but only contingent or hypothetical, is insufficient in law upon which to base a judgment on the pleadings.

5. PLEADING—MERE STATEMENT OF INCONSISTENT FACTS IN ANSWER NOTHING MORE THAN DENIAL OF ALLEGATIONS.

A mere statement of facts in an answer by way of defense, which is inconsistent with the facts alleged in the complaint, is, in effect, nothing more than a denial of the allegations of the complaint.

APPEAL from Second Judicial District Court, Washoe County; *J. Emmett Walsh,* Judge.

Action by Sterling Parks against the Western Union Telegraph Company, a corporation. From an order overruling plaintiff's demurrers to affirmative defenses in the answer, and from a judgment on the pleadings, plaintiff appeals. **Reversed. On rehearing, former opinion adhered to.**

*Sardis Summerfield,* for Appellant:

The sole question to be decided is whether an oral contract for the delivery of an interstate telegraphic message, made at the time of the delivery of the message

to the telegraph company, is sufficient to sustain an action for actual damages sustained by the addressee by reason of the negligent failure of the telegraph company to deliver the message, notwithstanding the fact that it was written on a telegram blank containing classifications of messages and conditions purporting to limit the company's liability to named amounts, and the further fact that the company's classified rates and limitations of liability had been filed with and approved by the United States Interstate Commerce Commission.

The contract for the delivery of the message was an oral contract, insuring the prompt delivery of the message as pleaded, and such contract was the exclusive and only one pleaded in the complaint. It was, if proven, sufficient to sustain a judgment for actual damages resulting from its negligent breach by the telegraph company. "We do not believe that there should have been a written contract of insurance. A contract to insure specially the correctness in the transmission of a message must be made in writing; but there is no regulation which requires a written contract to insure the delivery of an unrepeated message. We think a fair implication is that an oral contract may be made between the sender of a message and the telegraph company, whereby the company, for a consideration paid, may insure the prompt transmission and delivery of a message." W. U. T. Co. v. Lange, 248 Fed. 663. The Supreme Court of the United States reversed the aforesaid case, but only upon the measure of damages, expressly leaving the decision unreversed upon the subject of the validity of an oral contract for the prompt delivery of a message. "In our view of the case it is unnecessary to consider the correctness of the decision of the Circuit Court of Appeals as to the binding obligation of the oral contract made with the agent of the telegraph company, or the question of the negligence of the company in the transmission and delivery of the message." W. U. T. Co. v. Brown, Adv. Sheets No. 15, L. Co-Op. Ed., June 15, 1920, p. 452.

The effect of the negligence of a telegraph company in altering the name of the addressee to whom a message has been directed, and by reason of such negligence failing to deliver the message, has been passed upon by appellate courts. Hill v. W. U. T. Co., 113 N. W. 819; Postal Co. v. Sunset Co., 114 S. W. 114; 45 Century Digest, sec. 76. These decisions do not differ in principle from W. U. T. Co. v. Lange, supra.

The question of whether the alleged oral contract, insuring the prompt delivery of the message, was the contract in fact made by the sender of the message and the telegraph company, should be tried upon merit.

*Brown & Belford,* for Respondent:

The decision of the lower court, overruling plaintiff's demurrers to defendant's affirmative defenses, and the judgment of said court based thereon, should be affirmed.

There is no oral contract pleaded, and no agreement or obligation assumed by the defendant with reference to the transmission and delivery of the message, other than that implied by its acceptance of the message upon the so-called "telegram blank." The only agreement or obligation of the company was to perform its duties as a common carrier of telegrams. 37 Cyc. 1665, 1666, 1671; Barnes v. W. U. T. Co., 24 Nev. 139.

The limitation contained in the contract printed on the back of the message is valid and fixes the extent of defendant's liability for the nondelivery of the message. Primrose v. W. U. T. Co., 154 U. S. 1; Interstate Commerce Act, secs. 1, 3, 15.

The provisions of the amended interstate commerce act constitute a complete and specific regulation by Congress of interstate commerce by telegraph. Clay Co. P. Co. v. W. U. T. Co., 44 Int. Com. Rep. 670. In this case there is a recognition of the reasonableness of and an approval of the contract contained in the ordinary telegraph blanks with reference to the limitation

of liability on unrepeated messages, and the ruling of the Interstate Commerce Commission has received the sanction of the Supreme Court of the United States in Postal Co. v. Warren-Goodwin L. Co., 40 Sup. Ct. 69.

Where there is an unrepeated message, any special promise to a particular sender of a message to assume a different liability than is regularly and ordinarily assumed by telegraph companies in the case of unrepeated messages would constitute a violation of section 3 of the interstate commerce act and be unenforceable. Railroad v. Stennard, 162 Pac. 1176.

By the Court, SANDERS, C. J.:

This is an appeal from an order overruling plaintiff's demurrers to defendant's two alleged affirmative and separate partial defenses to the cause of action set out in the complaint, and an appeal from a judgment on the pleadings.

The plaintiff brought his action against the Western Union Telegraph Company to recover a money judgment for the sum of $3,000 as damages for its negligent failure to deliver an interstate telegraphic message written upon one of the defendant's blank forms furnished the sender. The plaintiff alleges that by reason of the negligence and carelessness of the defendant he lost a lucrative position, or employment, and was damaged in the sum stated. The defendant demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. The defendant thereupon answered, and, after denying the allegations of the complaint, set up two alleged affirmative partial defenses, but one of which, in view of the judgment, it is necessary to consider. The defense was:

"Further answering said complaint, and for a separate and partial defense, plaintiff [defendant] alleges:

"(1) That, if there ever was delivered to this plaintiff [defendant] a message such as that referred to and

described in paragraph VI of the complaint, such message was delivered to and accepted by the defendant subject to the terms of a certain contract in writing, a copy of which is annexed hereto and made a part of this answer, and marked 'Exhibit A,' and which is hereto referred to and made a part hereof, as if set forth at length herein.

"(2) That, as more fully appears from said Exhibit A hereto annexed, it was a term and condition of the said contract, subject to which, and subject to which only, such message was accepted by the defendant, that the defendant should not be liable for mistakes or delays in the transmission or delivery, or for nondelivery of any unrepeated message, beyond the amount received for sending the same; and that the said message was an unrepeated message, and defendant was not directed or requested to repeat the same, and all that the defendant received in exchange for its obligation in respect to said message was the sum of $1.28, which was defendant's ordinary and reasonable charge for the transmission of such a message, without repetition, from the point of origin to the point of destination named therein, including its delivery at destination."

The plaintiff interposed a demurrer to this alleged defense, upon the ground that it did not state facts sufficient to constitute a defense. The court overruled the demurrer, and caused to be entered this judgment:

"The plaintiff having demurred to the first and second separate and partial defense in the defendant's answer, and said demurrers having been duly argued, and after due consideration the said demurrers having been overruled, and the court having made and entered an order overruling the same, the plaintiff thereupon refused to reply to the affirmative matters contained in defendant's answer, and waived further time to reply, and thereupon the default of the plaintiff for want of reply is entered, and the defendant moves the court for judgment upon the pleadings, which said motion is granted.

"Whereupon, by reason of the law and the premises, it is by the court ordered, adjudged, and decreed that the plaintiff, Sterling Parks, do have and recover from the Western Union Telegraph Company, a corporation, defendant, the sum of $1.33 (being the sum of $1.28, together with interest thereon from the 3d day of February, 1920, to date, amounting to $.05), together with interest on $1.28 thereof, at the rate of 7 per cent per annum from date hereof until paid."

1. It is obvious that the judgment is based upon a failure of the plaintiff to file and serve a reply after the overruling of his demurrer. Section 115 of the Practice Act, as amended (Stats. 1915, p. 192) provides:

"When the answer contains new matter, constituting a defense, or a counterclaim, the plaintiff shall, within ten days after service of such answer or within ten days after notice of the overruling of the demurrer thereto, serve and file a reply."

The trial court evidently took the position that the alleged affirmative defense was new matter, constituting a full and complete defense to the plaintiff's cause of action; and that, the plaintiff having failed to serve and file a reply upon notice of the overruling of his demurrer, the defendant was entitled to judgment on the pleadings. It thus appears that the judgment upon the pleadings was for the failure of the plaintiff to serve a reply to so-called new matter constituting a defense. We are of the opinion that such judgment cannot be made to serve the purpose of an appeal from an order overruling a demurrer. We therefore shall consider in this opinion only the appeal from the judgment upon the pleadings.

This narrows the question for determination to this proposition: Was the district court, in the present state of the pleadings, authorized to render judgment upon the pleadings? Our conclusion upon this proposition is, in brief, as follows: The complainant charges paragraph VI of the complaint:

"That thereupon the said C. E. Adams, on the 3d day

of February, 1920, delivered to defendant at its office at San Francisco, Cal., a message, a true copy of which is hereunto attached, marked 'Exhibit A,' and is hereby specifically made a part of this complaint, at the same time informing defendant that he desired a prompt transmission and delivery of said message to an address therein named regardless of expense, and that thereupon defendant agreed for and in consideration of the sum of $1.28, which said sum was then and there paid by the said C. E. Adams to defendant, to promptly transmit and deliver to an addressee therein named said message, provided such addressee could be by it found by the exercise of reasonable diligence."

Paragraph IV of the answer, corresponding to paragraph VI of the complaint, is as follows:

"Defendant admits that on the 3d day of February, 1920, the said C. E. Adams delivered at its office in San Francisco, Cal., a message, a true copy of which is attached to the complaint and marked Exhibit A. Except as herein specifically admitted, defendant, upon information and belief, denies each and all of the matters and allegations contained in paragraph VI of the complaint."

It is clear that paragraph IV of the answer constitutes a denial of the facts alleged in paragraph VI of the complaint, and thus tenders an issue independent of the new matter (if there be new matter) set up as an affirmative defense to the facts alleged in paragraph VI of the complaint. This being true, the court was not authorized to give judgment for the defendant on motion, because of the want of a reply to new matter (if there be such) contained in the defense, for the reason that there still remained an issue of fact which was still to be disposed of. Comstock v. Hallock, 2 Edm. Sel. Cas. (N. Y.) 69.

2. We are further of the opinion that the alleged partial affirmative defense, as above set out, amounts to this: That the telegram sued on (if received at all for

transmission) contained an express condition limiting the defendant's liability; and that the telegram (if received at all for transmission) was delivered upon such limitation; and that the contract pleaded as an affirmative defense is governed by the federal law; and that, by virtue of that law, defendant's liability was limited by the terms and conditions of the contract. There is no doubt that the alleged defense, as above quoted, was intended to serve the purpose of a plea in confession and avoidance. Great pains are taken not to confess anything and to still preserve intact the benefit of the defendant's denial to the cause of action stated in paragraph VI of the complaint.

3.    New matter is matter in confession and avoidance or discharge. Ferguson v. Rutherford, 7 Nev. 385; Dixon v. Pruett, 42 Nev. 345, 177 Pac. 11.

4.    As long, therefore, as the issue raised by the defendant's denial of the plaintiff's cause of action remained undisposed of, it is idle to claim that the court was authorized to render judgment upon the pleadings. We appreciate the fact that counsel for appellant has labored arduously to draw from this court an admission or expression that, as a matter of law, the plaintiff can recover upon an independent contract for the transmission and delivery of a special interstate message made with the defendant's agent at the time of its acceptance for transmission where the only consideration for the agreement was the regular rate charged for an unrepeated message. We decline to pass upon this question, for the reason that it is not involved in the question of the court's authority to render judgment on the pleadings.

Entertaining the views that the court was not authorized to render judgment upon the pleadings, in the face of the outstanding and undetermined issue made by the complaint and answer, we conclude that the judgment must be reversed.

It is so ordered.

## ON REHEARING

By the Court, SANDERS, C. J.:

1. Rehearings are not granted as a matter of right, and are not allowed for the purpose of reargument, unless there is reasonable probability that the court may have arrived at an erroneous conclusion, or overlooked some important question, which was necessary to be determined in order to arrive at a full and proper understanding of the case. State v. Woodbury, 17 Nev. 353, 30 Pac. 1006.

The judgment herein was reversed upon a question of pleading and practice, not heretofore adjudicated by this court, and not embraced in the briefs or pointed out on the oral argument. The question involved is of general importance, and serious doubt exists as to the correctness of the decision. We have therefore listened, not without profit, to a reargument of the entire case by counsel for respondent, counsel for appellant not having availed himself of the privilege. In his reply, however, to the petition for reargument, he expresses a passive interest in the question of pleading decided, and reiterates that he made an earnest effort to draw a clean-cut expression of the court's opinion upon a much-involved question, which may be stated as follows:

In an action brought to recover unliquidated damages from a telegraph company for its alleged gross negligence in failing to transmit and deliver an interstate, unrepeated message, written upon one of the company's usual blank forms, when at the time of its delivery and acceptance the sender informed the defendant that he desired its prompt transmission and delivery regardless of expense, and at the time the defendant orally agreed, for and in consideration of the sum of $1.28, which sum was then and there paid, to promptly transmit and deliver the message to the addressee therein, provided he could be found by the exercise of reasonable diligence, can the addressee, in an action brought by him to recover

$3,000 as damages for the injury sustained for the failure of the defendant to perform its oral contract with the sender, recover as damages any more than the tariff for such a message as filed by the defendant with the Interstate Commerce Commission pursuant to an act of Congress of June 18, 1910, which extends the act to regulate commerce to include telegraph companies (U. S. Stats. 36, p. 539; 544 U. S. Comp. St. sec. 8563) ; it being understood that its tariff for such unrepeated message is $1.28? The court declined to answer the question, much to the surprise, disappointment, and dissatisfaction of the parties. The procedure adopted to bring the question before us invited the result.

I shall not recapitulate the pleadings, as they are sufficiently set out in the original opinion, which must, however, be kept in mind, and at all times thoroughly understood.

The complaint in the action gives the impression of being a studied effort on the part of the complainant to bring his case within the rules laid down by certain decisions and without the rules laid down in others. It is unusual in this: The cause of action is founded on an oral contract, made by the sender of a telegraphic dispatch with the agent of the defendant company residing in San Francisco, whereby the agent agreed (as counsel say "guaranteed"), for the consideration of the sum of $1.28, then paid, to promptly transmit and deliver to the addressee the dispatch, made a part of the complaint. It is made to appear that the message was urgent and important. Mackay v. Western Union Telegraph Co., 16 Nev. 222. The complaint, however, does not contain any allegation that the price paid was the usual charge for such a message (37 Cyc. 1722), thus leaving it to be inferred that there was something in the transaction to distinguish it from the delivery and acceptance of a message to be transmitted in the ordinary course of the defendant's business; in other words, that the defendant, in view of the understanding between the parties,

for the consideration paid, insured the prompt transmission and delivery of the message. Western Union Telegraph Co. v. Lange, 248 Fed. 663, 160 C. C. A. 556.

2. The denials contained in the answer are purely hypothetical in their nature. The answer admits the delivery of the message to the defendant, and states:

"Except as herein specifically admitted, defendant, upon information and belief, denies each and all of the matters and allegations contained in paragraph 6 of the complaint."

It admits the delivery of the message, but denies, upon its information and belief, the contract incident to its delivery. Why or how the defendant could deny the contract upon information and belief and yet admit positively the delivery of the message is inexplicable. The making of the contract was certainly presumptively within the knowledge of the defendant. In Curtis v. Richards, 9 Cal. 33, quoted with approval in Pom. Rem., sec. 641, it is held that if the facts alleged are presumptively within the knowledge of the defendant, he must deny positively, and a denial of information or belief will be treated as an evasion.

Cases may, and do frequently, arise, as where the facts are not within the personal knowledge of the defendant, in which he may answer according to his information and belief. To make a defendant admit something positively, which he does not know to be the fact, would be an injustice. Hence the rule laid down in Brown v. Ryckman, 12 How. Prac. 313, is cited frequently, that a defendant may often be in the position, under the present system of pleading, of having no other than a hypothetical form of placing his defense before the court. Such, however, is not the case here. We mention this to accentuate what immediately follows. The defense comes along and starts off with this language:

"Further answering said complaint, and for a separate and partial defense, plaintiff [defendant] alleges:

"(1) That, if there ever was delivered to this plaintiff [defendant] a message such as that referred to and described in paragraph 6 of the complaint, such message was delivered to and accepted by the defendant subject to the terms of a certain contract in writing.   *   *   *  "

3.   This being the true status of the pleadings, we took the position in our original opinion that the defense was intended to serve the purpose of a plea in confession and avoidance, and we do not understand counsel upon reargument to say that it is not.   We had thought no rule to be better established than that where an answer seeks to avoid the complaint by new matter it must confess directly or by implication that, but for the avoidance contained in it, the action could be maintained.   Testing the defense by this standard, we held it to be defective.   In so doing we did not lay down the rule that denials and defenses of confession and avoidance are necessarily inconsistent, or that a defendant cannot be required as a condition of averring new matter to admit facts alleged so as to preclude him from denying them on the trial.   Such was not the rule before the code, and it is not the rule now.

In Stroock Plush Co. v. Talcott, 129 App. Div. 14, 113 N. Y. Supp. 214, the court says:   .

"The rule that contingent or hypothetical pleading is not allowed, and is not good, is too ancient, and has been too often reiterated to need discussion.   It suffices to refer to the recent text-books where the cases are collected and the rule stated—if that be deemed necessary. 6 Ency. Pl. & Pr. p. 270; Phillips on Code Pl. secs. 240, 357;   Maxwell on Code Pleading, p. 395;   Bliss on Code Pl. sec. 340.   The few cases which are sometimes cited as contrary to the rule are really not so when you come to analyze them attentively."

In the case of Saleeby v. Central R. R. of New Jersey, 40 Misc. Rep. 269, 81 N. Y. Supp. 903, it is held that a plea in confession and avoidance, in an action against a railroad company for the loss of a passenger's baggage,

which states that, if the passenger's baggage was received, it was on an express condition (contained on the ticket sold the passenger) limiting the defendant's liability, was defective in that it confessed nothing and admitted only hypothetically. So in the case at bar, the defense confessed nothing, and the allegations which should be admissions are hypothetical in their nature; that is to say, the defense states that if there ever was delivered to the defendant such a message as described in the complaint, it was delivered and accepted in accordance with the express condition contained in a contract printed on the back of the blank form on which the message was written. It is made clear in the opinion that, because of the defense being a hypothetical defense, the facts stated in the complaint were left open and undetermined, and the court was not authorized to render judgment on the pleadings.

The case of Corn v. Levy, 97 App. Div. 48, 89 N. Y. Supp. 658, discusses exhaustively the authorities in that state, the parent of code pleading, upon the question of whether or not a hypothetical defense is bad on demurrer. The case, however, deals with the liability of an irregular indorser of a promissory note, payable to a third party, where the defense was that if the note was indorsed by the defendant's testator it was indorsed under circumstances which showed a diversion of the note. The court, after reviewing the conflicting opinions upon the subject of hypothetical defenses, concluded that the particular defense did not controvert any material allegation in the complaint, and regarded it as mere surplusage or redundant matter. Later the same court, in Stroock Plush Co. v. Talcott, supra, which was an action to recover damages for the breach of a contract, held that a defense to the action, beginning with the words "that if, as alleged in the complaint herein, a contract was entered into, * * *" followed by a statement to the effect that if the contract was made the facts then alleged would be a defense and a counter-

claim, was bad, because of its contingent or hypothetical nature.

The defense in this case is a partial defense. I interpret it to be intended as a defense to the issuable fact of the amount of the recovery. The defendant cannot segregate in one breath the delivery and acceptance of the message and in another deny that it made the contract for its prompt transmission and delivery for the agreed consideration. The covenants were mutual. The inference is irresistible that the object and purpose of the defense was not to confess the complaint, either expressly or by implication, but to leave the injury alleged to have been sustained by reason of the breach of the contract upon which the cause of action is founded an open and undetermined issue of fact. Therefore no judgment could properly or legally be rendered upon the pleadings. Itzkowitz v. Independent Western Star Order (Mun. Ct. N. Y.) 161 N. Y. Supp. 837; Gaston v. Wolf (Sup.) 162 N. Y. Supp. 274; Elevator Automatic Signal Co. v. Bok (Sup.) 159 N. Y. Supp. 13.

It is pointed out on reargument that if the decision is permitted to stand the courts of this state will, upon it as an authority, refuse to grant judgment upon the pleadings where there is an admitted good defense, coupled with a denial which the admission of new matter has made immaterial. Counsel fail to convince that there is anything in the opinion to warrant or justify this criticism, unless it be assumed, as they insist, that the new matter set up as a plea in confession and avoidance constitutes a complete defense to the action. The opinion holds and decides to the contrary, and no convincing argument is presented to show that the court is in error as to this conclusion.

4. It is urged that the plaintiff's demurrer admits the facts stated in the defense, and that therefore the judgment in favor of the plaintiff, upon the defendant's motion, is binding on the plaintiff, and, further, that the defense is not objected to as being contingent or

hypothetical. The pleadings on both sides in this case seem to be about as complex as could possibly be drawn, and the procedure as much mixed and confused as it could possibly be made—all attributable to the fact that both litigants seek to use their pleadings to enable them to have determined before trial, upon the merits of the opposed questions of fact raised by the pleadings, whether or not, if the plaintiff should succeed in establishing his case, he would be entitled to recover the full amount of damages as demanded, and, if the defendant should succeed in establishing its defense, whether, as a matter of law, the plaintiff would be entitled to recover any more than the regular tariff for an unrepeated interstate message, in accordance with the tariff filed by the defendant company with, and approved by, the Interstate Commerce Commission. I am of the opinion that the exigencies of the situation in which the parties have found themselves by their own pleadings do not warrant a court in conforming the rules of pleading to the convenience of the parties. My ultimate conclusion is that a defense or demurrer which is not positive, but only contingent or hypothetical, is insufficient in law upon which to base a judgment on the pleadings.

Whether or not the appellant should, in the face of the sweeping decision of the Supreme Court of the United States in Western Union Telegraph Co. v. Esteve Brothers & Co., 256 U. S. 566, 41 Sup. Ct. 584, 65 L. Ed. 1094, continue this litigation is for him to decide, and not for this court, in the present condition of the record.

Entertaining these views, the judgment is again reversed.

DUCKER, J., and COLEMAN, J., concurring:

5. We concur in the order of reversal. The so-called affirmative defense falls within the class controlled by the rule that a mere statement of facts in an answer by way of defense, which is inconsistent with the facts alleged in the complaint, is, in effect, nothing more than a denial of the allegations of the complaint.

The logic of the opinion of the court in Wade v. Stever, 166 N. Y. 251, 59 N. E. 825, seems unanswerable. See, also, Bliss, Code Pl. (2d ed.) 333; Sylvis v. Sylvis, 11 Colo. 318, 17 Pac. 912; Goddard v. Fulton, 21 Cal. 430; Mott v. Baxter, 29 Colo. 418, 68 Pac. 220.