210 WEST 56TH STREET COMPANY, Plaintiff, *v.* NICHOLAS PANTINAKIS and Another, Defendants.

Supreme Court, New York County, July 21, 1925.

Pleadings — reply — application by defendants for affirmative judgment on counterclaim in answer to which plaintiff inadvertently failed to serve reply — default opened and plaintiff given right to serve reply under Civil Practice Act, § 117.

Defendants' motion for an affirmative judgment against the plaintiff upon a counterclaim in their answer to which the plaintiff inadvertently failed to serve a reply should be denied and the default should be opened and plaintiff given an opportunity to serve a reply under section 117 of the Civil Practice Act, where no serious inconvenience has ensued by reason of plaintiff's failure to serve said reply, and where it would be inequitable to determine the issues involved without permitting the plaintiff to be heard.

MOTION by the defendants for affirmative judgment against the plaintiff upon the counterclaim set up by them in their answer. The ground assigned is the failure of the plaintiff to serve a reply.

*Eisman, Lee, Corn & Lewine* [*Bernard H. King* of counsel], for the plaintiff.

*Amend & Amend* [*John E. Donnelly* of counsel], for the defendants.

LEVY, J.:

The action is one to recover a deposit made by the plaintiff with the defendants under a contract for the sale by the defendants to the plaintiff of certain real property, it being alleged that the defendants were unable to perform by reason of certain incumbrances upon or defects in their title.  The defendants' answer denied the existence of these defects and sought affirmative relief of specific performance.  The action was commenced by the service

of the summons and complaint on April 15, 1925. The answer was served on May 19, 1925. The plaintiff's time to reply expired on June 8, 1925. The failure to serve such reply was seemingly due to inadvertence and oversight, the presence of a counterclaim in the answer not being observed by, or brought to, the attention of the attorney in charge of the litigation. No serious delay or inconvenience has ensued, and it occurs to me as unjust and inequitable to permit this rather important issue to be decided adversely to the plaintiff without a day in court. Plaintiff seeks to open its default and to serve such reply. (Civ. Prac. Act, § 117.) I cannot say that I am entirely free from doubt in respect to the proposition that as a matter of strict pleading a reply is essential where both parties seek opposite relief upon practically the same state of facts. (*Wade* v. *Strever*, 166 N. Y. 251.) While a failure to reply to a counterclaim may be deemed an admission of the *facts* there alleged, the pleader's conclusions are not thus necessarily admitted and there may remain a question of law to be tried by the court. (*Jordan* v. *National Shoe & Leather Bank*, 74 N. Y. 467.) The motion of the defendants, therefore, will be denied upon condition that the plaintiff serve a reply within ten days after the service of a copy of the order to be entered hereon, with notice of such entry. Settle order.